W. C. Groves, *Plaintiff in Error*, v. B. B. Davis, as Treasurer of the Young Men's Christian Association of Macon, Georgia, a Corporation, *Defendant in Error*.

### Opinion filed January 25, 1916.

In an action on a voluntary subscription it is error to sustain demurrers to pleas that aver a violation of the conditions on which the subscription was made, and a refusal to accept the subscription as made, and a withdrawal of the subscription before its acceptance.

Writ of error to Circuit Court, Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*J. C. Gramling,* for Plaintiff in Error;

*Rand & Kurtz,* for Defendant in Error.

Per Curiam.—A judgment for $500.00 was obtained against Groves upon a subscription the conditions of which were as follows:

"$40,000.00 or more by Dec. 4.
Debt-Free Young Men's Christian Association Building Fund.
$1,000.00.
Macon, Ga., Nov. 30, 1909.
For the purpose of enlarging and equipping the building and providing a portion of the first year's main-

tenance of the Macon Young Men's Christian Associa-
tion and in consideration of the subscriptions of others,

I hereby agree to pay to the Treasurer of the Young
Men's Christian Asosciation, of Macon, Ga., the sum
of One Thousand Dollars ($1,000.00),

Upon Condition That $40,000.00 or more, be secured
in pledges on or before Dec. 4, 1909.

When the above conditions are met this subscription
becomes payable in five equal installments;

On Feb. 1, 1910; Feb. 1, 1911; Feb. 1st, 1912; Feb.
1st, 1913; Feb. 1, 1914.

Signed W. C. Groves.

Address (street and no.) _ _ _ _ _ _ _ _ _ _
Written on the back thereof:

This note is not to be enforced against my estate in
the event of my death before the maturity of any of the
payments mentioned herein.  One half of this amount is
subject to recall by me."

On writ of error taken by the defendant below, he
assigns as errors the overruling of the demurrer to the
second amended declaration, the sustaining of the de-
murrers to the 1st, 2nd, 3rd, 4th, 5th, 7th, and 9th last
amended plea and the rendering of the judgment.

The declaration is not so wholly defective as not to
state a cause of action, and it was not error to overrule
the demurrer thereto.  Demurrers to the sixth and eighth
pleas were overruled.  These pleas set up that Groves by
a written notification cancelled his obligation as a sub-
scriber.  The court permitted the notification to operate
as recall of one-half of the subscription under its terms,
and gave judgment for the other half.  Several of the
pleas that were overruled on demurrer set up in effect
that the conditions under which the subscription was

made had been violated in that the building had been torn down and removed so that it could not be enlarged and equipped as stipulated by the subscription, but a new building had been erected at a much greater expense, and also that the officers of the association had refused to accept the defendant's subscription for reasons humiliating to the defendant, and that before the subscription was accepted he withdrew it and revoked it and so notified the association. In view of the voluntary nature of the subscription and of the circumstances disclosed by the pleadings, the defendant should have been allowed to make proofs under the pleas referred to.

The judgment is reversed.

All concur, except COCKRELL, J., absent by reason of sickness.